## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

MAGDALENO RODRIGUEZ,     §
      Petitioner,           §
                             §
v.                           §          C.A. No. C-06-170
                             §
UNITED STATES OF AMERICA,   §
      Respondent.         §

## MEMORANDUM OPINION AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

## I.  BACKGROUND

Petitioner Magdaleno Rodriguez ("Petitioner" or "Rodriguez") was convicted and sentenced by this Court in Cr. No. C-94-199.  He timely appealed, and the Fifth Circuit dismissed his appeal on May 27, 1996, after his counsel filed a brief as required by Anders v. California, 386 U.S. 728 (1967).  (Cr. No. C-94-199,  D.E. 491, 492).  Rodriguez then filed a motion pursuant to 28 U.S.C. § 2255 on December 10, 2001.  (Cr. No. C-94-199, D.E. 562), which the Court denied in an order entered March 25, 2002. (Cr. No. C-94-199, D.E. 571, 571).  Rodriguez appealed the denial of his § 2255 motion, and this Court denied him a Certificate of Appealability, as did the Fifth Circuit Court of Appeals.  (Cr. No. C-94-199, D.E. 584, 586, 609).

On April 14, 2006, the Clerk received from Rodriguez a *pro se* petition pursuant to 28 U.S.C. § 2241 and supporting brief. (D.E. 1).  At the time he filed his petition,

Rodriguez was incarcerated at the Connally Unit with the Texas Department of Criminal Justice- Institutional Division ("TDCJ-ID"), apparently serving a life sentence for capital murder.  (See D.E. 1; see also D.E. 14, Appendix at pages 63-64).

On August 24, 2006, the United States filed an answer and motion to dismiss the petition. (D.E. 14, 15).  After seeking and receiving an extension of time to respond, (D.E. 17, 18), Rodriguez filed his own motion to dismiss his petition on October 30, 2006.  (D.E. 19).  In it, he agrees with the United States that his petition should be dismissed for lack of jurisdiction.  For the reasons set forth herein, the Court dismisses Rodriguez's petition for lack of jurisdiction.

## II.  ANALYSIS

Rodriguez's § 2241 petition lists two grounds for relief.  First, he challenges his sentence in his federal case arising out of this Court on the grounds that it violates the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005).  Second, he claims that the record did not support this Court's finding at sentencing that Petitioner played a role as a manager of assets in the conspiracy.  (D.E. 1 at 10; D.E. 1, Supp. Mem. at 9-10).

The United States of America has filed a response and also a motion to dismiss Rodriguez's petition. (D.E. 14, 15).  Respondent argues first that, to the extent Petitioner's motion is a proper § 2241 motion, and to the extent he may utilize § 2255's savings clause, this Court does not have jurisdiction over any § 2241 petition because Rodriguez is not

incarcerated within this district.   Rather, he is incarcerated in the Connally Unit, which is located in the Western District of Texas.

Respondent also contends that, to the extent the Court construes Rodriguez's claim as a § 2255 motion, it is second or successive, and he has not sought or obtained permission from the Fifth Circuit to file a second or successive § 2255 motion.

In his own motion to dismiss, Rodriguez candidly agrees that the petition must be dismissed for lack of jurisdiction.  The Court agrees with Rodriguez and the Respondent. Rodriguez's claim is properly a claim brought in a § 2255 motion.  To the extent it can be construed as a § 2255 motion, this Court does not have jurisdiction over his motion because it is second or successive.  See 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2244(b)(4); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (§ 2244(b)(3)(A) acts as a jursidictional bar to the district court's asserting jurisdiction over any successive habeas petition until the appellate court has granted the petitioner permission to file one).

Moreover, even if Rodriguez could satisfy the savings clause of § 2255 and he therefore could proceed pursuant to § 2241,[1] this Court would not have jurisdiction over his § 2241 petition, because it must be filed in the district where he is incarcerated.  Pack v.

---

[1]  It is highly unlikely that Rodriguez's current claims could be brought under § 2241, because he cannot satisfy the first requirement for proceeding under § 2255's savings clause, which is that the claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense."  Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) The only decision referenced by Rodriguez is Booker, but the Fifth Circuit has squarely held that Booker is not a retroactively applicable Supreme Court decision such that it can satisfy the savings clause of § 2255.  See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005) (rejecting argument that Booker was a retroactively applicable decision that could support the application of the savings clause).

Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  Thus, the Court dismisses it without prejudice.

Lee v. Wetzel, 244 F.3d 370, 375 & n.4 (5th Cir. 2001) (rather than transferring a petition

it does not have jurisdiction over, the Court should dismiss it without prejudice).

### III.  CONCLUSION

For the foregoing reasons, Rodriguez's petition is DISMISSED WITHOUT

PREJUDICE.


ORDERED this 22nd day of December, 2006.


_____
HAYDEN HEAD
CHIEF JUDGE